UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RAYMOND T. SALAZAR,

        Petitioner,

v.

        No. 5:23-CV-00217-H

DIRECTOR, TDCJ-CID

        Respondent.

## ORDER

Petitioner Raymond T. Salazar, a prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody due to his medical condition. As explained below, the Court finds that the petition must be dismissed for want of prosecution because Petitioner has failed to keep the Court apprised of his current address.

The form that Petitioner used to file his original petition informed him that failure to notify the Court of any change of address could result in dismissal of his case. *See* Dkt. No. 1. Soon after this case was opened, the Clerk mailed two envelopes to Plaintiff at the address provided on the envelope containing his petition—the Lubbock County Detention Center. *See* Dkt. Nos. 3, 4, 5. The envelopes contained instructions from the Clerk and an order from the Court requiring Plaintiff to cure filing deficiencies. *See id.* However, the envelopes containing those items were returned to the Clerk, unopened, bearing the stamps "Return to Sender," and "Not in Jail." *See* Dkt. Nos. 6, 7. Petitioner has not complied with the Court's orders, and he has not communicated with the Court since he filed this action almost seven months ago. Thus, the Court concludes that he has abandoned this case.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

The Court finds that Petitioner has failed to comply with the Court's orders and his current location is unknown. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

The Court will enter judgment accordingly.

Petitioner is admonished that if he refiles his petition, he must use the required form and either seek leave to proceed *in forma pauperis* or pay the $5.00 filing fee.

Dated May 2, 2024.

JAMES WESLEY HENDRIX
United States District Judge